RUIZ, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 365.—Decided July 27, 1918.

RECORD OF TITLE—POSSESSORY TITLE—PARTIES—APPEARANCE.—The fact that the record in a possessory title proceeding does not show that the district attorney was cited is not a defect which prevents its admission to record if. as in this case, it appears from the record that the district attorney actually appeared and submitted his report without making any objection.

ID.—ID.—WRITTEN RECORDABLE TITLE.—In this case the registrar was of the opinion that it was an incurable defect "not to allege, much less to prove, any cause which prevents the petitioner from presenting the written title of ownership by which he claims to have acquired the property." It was held that as the petitioner alleged that although he had acquired the property by a public instrument he had no written recordable title, this fact entitled him to the benefits of a possessory title proceeding.

ID.—ID.—FINAL ORDER.—When a possessory title proceeding is prosecuted without objection from anyone the order approving the proceeding is final from the moment it is signed by the judge.

ID.—ID.—OWNER.—It is presumed that the person who appears as paying taxes to the Insular Treasury is in possession as owner, and when a municipal court arrives at that conclusion the registrar cannot question its decision.

The facts are stated in the opinion.

Mr. F. Navarro Ortiz for the appellant.

The respondent appeared pro se.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Elena Ruiz Ortiz, the wife of Pedro López, instituted proceedings in the Municipal Court of Cayey on March 7, 1918, to establish her possessory title to a property of nine acres of land situated in Pasto Viejo ward of said municipality.

After a hearing said court rendered its decision on April 10, 1918, holding that Elena Ruiz Ortiz had established her possessory title to the said property, ordering that the said title be recorded in the registry of property of the district, without prejudice to the better rights of third persons.

The Registrar of Property of the district of Guayama refused to admit the title to record for the reasons stated in the following decision:

"Admission to record of the preceding document is denied and in lieu thereof a cautionary notice is entered in favor of petitioner Elena Ruiz Ortiz on page 1 of Vol. 36 of Cayey, Property No. 1968, entry letter A, for the period prescribed by law, because of the following incurable defects: (1) Failure to state therein the nature of the right sought to be recorded in a positive and specific manner, for it is impossible to decide whether the property involved is community property or belongs exclusively to the petitioner. *Ramos v. Registrar of Property,* 18 P. R. R. 16. (2) The original summons to the owners of the adjoining properties and the *fiscal,* which is an essential requirement in every possessory title proceeding, does not show that the *fiscal* was summoned and the return does not state that the person who served the summons delivered to the adjoining owners copies of said summons endorsed with the date and place of delivery over his signature. Act No. 8 of 1915; *Delgado v. Registrar,* 25 P. R. R. 450. (3) Failure to allege or prove any reason why petitioner was prevented from presenting the written title of ownership

by which she claims to have acquired the property. Article 391 of the Mortgage Law and article 437 of its Regulations; 4 Galindo, Mortgage Law 596. The curable defects are also assigned of failure to show the civil status of the petitioner at the time the property was acquired; of failure of the certificate of the Treasurer of Porto Rico to show that the petitioner pays taxes on the property as owner; of failure on the part of the secretary to certify to the decision rendered by the court in the said proceeding, and because the said decision is not final."

The decision transcribed is shown to have been delivered to Julio Navarro, who presented the document, on May 2, 1918.

On May 8 counsel for Elena Ruiz Ortiz exhibited in the municipal court a certificate of her marriage to Pedro López on June 23, 1902, in order to show that she had acquired the said property during her wedlock with López, and moved for an amendment of the original decision for the purpose of correcting the defects assigned by the registrar of property, which motion the court sustained and on the same day amended accordingly its decision of April 10, 1918.

By a decision of May 20 the registrar refused to convert the cautionary notice into a final record on the ground that the amended decision of May 8 corrected only the defect assigned under No. 1 in his decision of April 30, the other two defects assigned therein remaining, and on the same day notice of the registrar's decision was given to Julio Navarro, the attorney in fact of Elena Ruiz Ortiz.

Elena Ruiz Ortiz appealed from the registrar's decision of April 30, 1918, notice of which, as we have said, had been given to the presenter of the document on May 2 following, and on motion of the registrar we dismissed the appeal on June 29 on the ground that the appellant had filed in this court the papers on appeal and his brief on May 30, when the period of twenty days for taking appeals allowed by section 3 of the Act of March 1, 1902, relating to appeals from decisions of registrars, had expired.

Counsel for Elena Ruiz Ortiz moved this court to reconsider its decision of June 29, alleging that although he filed his brief on May 30 he had already, on the twenty-second of that month, filed the record for the support of the appeal in the office of the secretary of this court, and therefore that said appeal had been perfected within the statutory term of twenty days.

After carefully examining the record we have arrived at the conclusion that the appellant is right and, therefore, that we should set aside the decision under reconsideration and decide the case on its merits.

The incurable defects assigned by the registrar in his decision of April 30, 1918, are three in number.

The first is the failure to state in the decision of the Municipal Court of Cayey of April 10, 1918, the nature of the right sought to be recorded, because it is impossible to determine whether the property involved is community property or whether it belongs exclusively to the petitioner. This defect is erroneously assigned, for Elena Ruiz Ortiz stated in the initial petition filed in the possessory proceeding that she was then married to Pedro López; and although she did not state that she was married to him when she acquired the property— that is, on July 28, 1909—she subsequently corrected that defect by exhibiting a certificate of her marriage to López on July 23, 1902, or long before the purchase of the property, which, according to the settled jurisprudence of this court, must be deemed to be recorded in the name of the conjugal partnership although it was actually recorded in her name. *Figueroa* v. *Registrar of Arecibo,* 24 P. R. R. 793, and *Longpré* v. *Registrar of San Juan,* 24 P. R. R. 835.

The second defect, relative to the absence of any showing that the *fiscal* and the owners of the adjoining properties were summoned, does not exist. It does not appear that the *fiscal* was summoned, but this omission was rectified by the fact

that he took part in the possessory title proceeding and gave his opinion without making any objection. The adjoining owners were summoned by the delivery to them of copies of the summons, with an explanation of its contents, according to the return made and sworn to before the clerk of the Municipal Court of Cayey by the process server, Juan Aponte, of age, a resident of Cayey and not a party to or having any interest in the proceeding. The case of *Delgado* v. *Registrar of Humacao,* 25 P. R. R. 450, is different from the case at bar.

The third defect, based on the failure to allege or prove any reason why the petitioner could not present the written title of ownership by which she acquired the property, is likewise erroneously assigned. Elena Ruiz Ortiz alleged in the original petition filed in the possessory title proceeding that although she had acquired the property by a deed of July 28, 1909, executed before Notary Vicente Rodríguez Ortiz in Cayey, she had no written recordable title, and that fact enabled her to avail herself of the benefits of the possessory title proceeding authorized by article 391 of the Mortgage Law. *Ex parte Berlanga,* 6 P. R. R. (2d. Ed.) 26; *Rivera* v. *Registrar of Ponce,* 14 P. R. R. 249; *Soto* v. *Registrar of Caguas,* 15 P. R. R. 597; *Inchausti* v. *Registrar of Guayama,* 17 P. R. R. 566.

If the petitioner had had a written recordable title she certainly would not have resorted to a possessory title proceeding, thus renouncing the advantages which a recordable title of ownership insured to her.

As to the defects assigned as curable, we are of the opinion that the curable defect of failure to prove the petitioner's civil status when she acquired the property was cured by the certificate of her marriage to Pedro López, to which we have referred, and that the other defect of failure of the clerk to certify to the decision of the court in the possessory title proceeding was also rectified; for the clerk stated in his attestation of the amended decision that the decision rendered in

the said proceeding is the original amended decision of the judge of the court. As to the defect that the decision appealed from is not final, while Act. No. 20 of March 11, 1918, is not applicable to this case, still as the proceeding is one of possessory title and not of dominion title, the said decision was final from the date of its rendition because both the petitioner and the *fiscal* are estopped from appealing therefrom. *Quiñones* v. *Registrar of San Germán, supra.* It was favorable to the petitioner and the *fiscal* had stated expressly that all the requirements of the law having been complied with, he made no objection to the approval of the proceeding for the purpose of its record in the district registry of property.

As to the defect that it does not appear from the certificate of the Treasurer of Porto Rico that the petitioner pays taxes on the property as owner, it is to be observed that the Treasurer certified on February 7, 1918, that in the assessment of taxes on property of the municipality of Cayey for the fiscal year 1917–18, Elena Ruiz Ortiz figured in receipt No. 1493 for two half-yearly periods, amounting to $2.40, as paying taxes on a property situated in the Pasto Viejo ward of said municipality, said property containing nine acres of land valued at $180 and a house valued at $20. If Elena Ruiz Ortiz appears as a taxpayer, it is undoubtedly in the character of owner. Sections 2950 and 2952 of the Compilation of the Revised Statutes and Codes of Porto Rico. In any event the judge so determined after considering the said certificate and the other evidence, and the registrar cannot question his finding.

For the foregoing reasons the decision of April 30, 1918, should be reversed and the registrar ordered to make the record applied for without curable or incurable defects.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.